UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-164 (NEB/BRT)

UNITED STATES OF AMERICA,

      Plaintiff,

      **ORDER OF DETENTION**

v.

SAMSON DIAMONTE XAVIOR-SMITH,

      Defendant.

This matter came before the Court on July 30, 2021, for an Initial Appearance. The Defendant, Samson Diamonte Xavior-Smith, consented to a virtual hearing and appeared via video-teleconference from the United States Marshalls Service cellblock in Minneapolis, Minnesota. Assistant Federal Defender Sarah Weinman accepted appointment to represent Mr. Xavior-Smith on behalf of the Federal Defender's Office. The United States was represented by Assistant United States Attorney Deidre Y. Aanstad.

Mr. Xavior-Smith was advised of the purpose of the initial appearance and his rights pursuant to Rule 5(d) of the Federal Rules of Criminal Procedure. The United States moved for detention pending trial. *See* 18 U.S.C. § 3142(f). Having consulted with Assistant Federal Defender Weinman and having been advised of his rights with respect to a detention hearing, Mr. Xavior-Smith knowingly and voluntarily waived his right to a detention hearing. Further, with agreement from the United States, Mr. Xavior-Smith reserved his right to reopen the issue of detention if his circumstances changed.

In light of Mr. Xavior-Smith's waiver, the Pretrial Services bond report recommending detention, Federal Rule of Criminal 5(d)(3), and the standards and factors set forth in 18 U.S.C. § 3142, the Court grants the United States' motion for detention and orders that Mr. Xavior-Smith be detained pending trial. The Court finds that no condition or combination of conditions will ensure the defendant's appearance at future proceedings and the safety of the community based on the present record before the Court. However, the Court notes that should Mr. Xavior-Smith's circumstances change, he may move to reopen the subject of his detention. *See* 18 U.S.C. § 3145.

Based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The motion of the United States for detention of defendant is **GRANTED**;

2. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: August 24, 2021

*s/ David T. Schultz*
The Honorable David T. Schultz
United States Magistrate Judge