UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Crim. No. 21-164 (NEB/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| (1) Samson Diamonte Xavior-Smith, | |
| Defendant. | |

---

Benjamin Bejar, Esq., United States Attorney's Office, counsel for Plaintiff.

Steven J. Wright, Esq., Law Offices of Steven J. Wright, counsel for Defendant.

---

This action came before the Court on September 24, 2021, for a hearing on various pretrial motions. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

1.  **Government's Motion for Discovery.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (by the pretrial-motions-hearing date), pursuant to Fed. R. Crim. P. 12.2, if Defendant intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendant bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-

hearing date), pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant filed no objection to the motion. Therefore, Defendant is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery **(Doc. No. 12)** is **GRANTED**. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

2. **Defendant's Motion for Discovery.** Defendant requests an order requiring the Government to disclose or permit discovery, inspection and copying, or supplement prior disclosures, of various things pursuant to Fed. R. Crim. P. 16. The Government states that it has provided extensive discovery in this case and understands its continuing obligations with respect to discovery under the applicable rules. The Government objects to the motion to the extent it seeks disclosure of materials outside the scope of Rule 16. Defendant's Motion for Discovery **(Doc. No. 16)** is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 16 and is not already moot. The motion is **DENIED** to the extent that the Jencks Act protects disclosure, and identification of witnesses and exhibits shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists. However, the parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later

than **10 days** before trial. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

    3.    **Defendant's Motion for Release of *Brady* Materials.** Defendant moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government states that to the extent the motion comports with the Rules and the provisions of *Brady* and *Giglio*, it does not oppose the motion. The Government also states that "[a]ny witness impeachment material or witness statements will be timely produced in accord with the Jencks Act." (Doc. No. 26 at 3.) Defendant's Motion for Release of *Brady* Materials **(Doc. No. 17)** is **GRANTED**. This Court agrees with those courts who have found that, "under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), the government has additional obligations deriving from the Fifth Amendment to disclose exculpatory material, and the limitations on discovery contained in the Jencks Act do not lessen those obligations." *United States v. Tarantino*, 846 F.2d 1384, 1414 n. 11 (D.C. Cir. 1988); *see also United States v. Poindexter*, 727 F. Supp. 1470, 1485 (D.D.C. 1989) ("The *Brady* obligations are not modified merely because they happen to arise in the context of witness statements."). This Court also agrees with those courts, including one from this District, who have determined that because of the *Brady* obligations, the Government must produce exculpatory evidence, no matter what form it comes in, immediately. *See Poindexter*, 727 F. Supp. at 1485 ("The government therefore has the

obligation to produce to defendant immediately any exculpatory evidence contained in its Jencks materials, including exculpatory impeachment material, to the extent that the government is aware of such material, and it is so ordered."); *United States v. Martin*, No. 18-CR-268 (PJS/TNL), 2019 WL 2171815, at *2 (D. Minn. May 20, 2019) ("This ruling, however, does not permit the Government to withhold disclosure of materials encompassed by the Jencks Act which need be disclosed pursuant to other authorities, including *Brady, Giglio*, and their progeny."). This Court therefore finds that fairness and justice requires that Jencks Act statements that also constitute *Brady* material should be disclosed now. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed. Identification of witnesses and exhibits shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

    4.    **Defendant's Motion to Retain Rough Notes.** Defendant moves for an order requiring law enforcement agents to retain and preserve all rough notes taken as part of their investigation into this case. The Government does not oppose the motion with respect to retention of notes, but does oppose disclosure. Defendant's Motion to Retain Rough Notes **(Doc. No. 18)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

5. **Defendant's Motion for Disclosure of Rule 404(b) Evidence.** Defendant moves for disclosure of any evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404. The Government represents that it will comply with Rule 404 and that it is agreeable to disclosure 14 days prior to trial. Defendant's Motion for Disclosure of Rule 404(b) Evidence **(Doc. No. 19)** is **GRANTED** to the extent that the Government must disclose Rule 404 evidence no later than **14 days** prior to trial.

6. **Defendant's Motion for Early Disclosure of Jencks Act Material.** Defendant moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, requesting disclosure of Jencks Act material at least two weeks prior to the commencement of trial. The Government opposes the motion asserting the request lacks authority. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Act Material **(Doc. No. 20)** is **DENIED**. Nothing in this Order, however, precludes the Government from the voluntary exchange of Jenks Act material with Defendant three days prior to trial as the Government customarily has done in this District.

7. **Defendant's Motion to Suppress Evidence Obtained in Violation of the Fourth Amendment.** Defendant objects to two search warrants executed in this case, and seeks an order suppressing any physical evidence obtained as a result of the searches and seizures. The Government opposes the motion. At the September 24, 2021 hearing, the

Court received the two search warrants at issue into evidence, five other exhibits, and testimony from two individuals for context. The parties agree that the Defendant is requesting a four-corners review of the warrants and will be making additional legal argument as stated on the record in his post-hearing brief. Defendant shall file his post-hearing brief no later than **October 22, 2021**, and the Government shall file its response by **November 5, 2021**. The Court will take Defendant's Motion to Suppress Evidence Obtained in Violation of the Fourth Amendment **(Doc. No. 21)** under advisement on **November 5, 2021**, and issue a **Report and Recommendation** to the District Court.

    **8.**    The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge Nancy E. Brasel.

Date:  September 24, 2021

                                    *s/ Becky R. Thorson*
                                    BECKY R. THORSON
                                    United States Magistrate Judge