UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 21-CR-164 (NEB/BRT) |
| Plaintiff, | |
| v. | ORDER ON MOTIONS IN LIMINE |
| SAMSON DIAMONTE XAVIOR-SMITH, | |
| Defendant. | |

Defendant Samson Diamonte Xavior-Smith is charged with being an armed career criminal in possession of a firearm in violation of 18 U.S.C. Sections 922(g)(1) and 924(e)(1). Trial is set to begin April 19, 2022. A pretrial conference was held on April 12, 2022, at which the parties argued several motions in limine. (ECF Nos. 60, 61, 62, 63, 66.) The Court addresses each motion in turn.

### I. Government's Motions in Limine

#### A. *Government's First Motion in Limine Regarding Facts and Circumstances, Second Motion in Limine to Admit 911 Call, and Third Motion in Limine to Admit Body-Camera Footage*

The government moves for a pretrial ruling allowing evidence about "the facts and circumstances of the investigation's background and the events that preceded the defendant's arrest," an audio recording of the 911 call that led to Smith's arrest, and short excerpts of body-camera footage from pursuing and arresting officers. (ECF No. 60

("Gov't Gen. Mot.") at 1–2.) Smith does not object. The Court rules this evidence is admissible and will take specific objections as they are raised at trial.

### B.  *Motions to Sequester Witnesses*

Both parties move to sequester witnesses, with some exceptions. The Court will sequester witnesses, with the following exceptions.

Smith asks the Court to permit his investigator, Julie Davidson, to observe to assist with the defense and asks that his DNA expert, Michelle Leonard, be present when the government's DNA expert testifies. (ECF No. 63 ("Def's Mot.") at 3.) The government does not object to excluding either witness from sequestration as requested. (ECF No. 67 at 3–4.) Thus, Davidson and Leonard are excluded from the sequestration order as requested: Davidson for the whole trial and Leonard for the testimony from the government's DNA expert.

Similarly, the government also asks that its DNA expert, McKenzie Anderson, be excluded from sequestration when Leonard testifies. (ECF No. 60 at 2.) Anderson is excluded from the sequestration order for Leonard's testimony.

Finally, the government asks to have two cases agents excluded from the sequestration order for the duration of trial. (*Id.* at 2.) Both case agents—ATF Special Agent Kylie Williamson and St. Paul Police Task Force Officer Sgt. Timothy Moore—are excluded from the sequestration order.

C.  *Government's Fifth Motion in Limine to Preclude Body-Camera Footage of Witness Interview*

The government initially moved to preclude Smith from presenting body-camera footage of a witness interview. (Gov't Gen. Mot. at 2–3.) The government and Smith now agree that the admissibility of this testimony depends on the witness's testimony at trial, so the Court will rule on any objections to the exhibit as they are raised at trial.[1] (ECF No. 66; ECF No. 68 at 5.)

D.  *Government's Sixth Motion in Limine to Preclude Mention of Police Controversies*

The government moves to preclude Smith from making general references to national or local controversies about police use of force. (Gov't Gen. Mot. at 3–4.) Smith does not object to the motion and indicates he "has no intention to reference unrelated societal matters or excessive force." (ECF No. 68 at 2.) The motion is granted because there are no objections; the court will consider specific objections as they are raised at trial.

E.  *Government's Seventh Motion in Limine to Preclude Mention of Potential Punishment*

The government requests that the Court preclude any reference to the sentence Smith may receive if convicted. (Gov't Gen. Mot. at 4.) Smith does not object. (ECF No. 68 at 2.) Because "any reference to sentencing [is] improper," *United States v. Fenner*, 600

---

[1] The Court will consider the government's amended motion in limine (ECF No. 66), and the government's motion for leave to file an amended motion is granted. (ECF No. 65.)

F.3d 1014, 1023 n.7 (8th Cir. 2010), the government's request is granted as a correct statement of the law.

### F. Government's Eighth Motion in Limine to Preclude Hearsay Statements of Smith or Others

The government moves to preclude Smith and his counsel from offering or referring in any way to hearsay statements of Smith or others. The government offers no specifics. (Gov't Gen. Mot. at 4.) "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these [Federal Rules of Evidence]; or other rules prescribed by the Supreme Court." Fed. R. Evid. 802. To the extent the government requests that the defense comply with the Rules of Evidence, including the rules governing hearsay, the motion is granted as a correct statement of the law. During trial, the Court will consider each hearsay objection in turn.

### G. Government's Ninth Motion in Limine to Preclude Renewed Argument About the Suppression of DNA Sample

The government also moves to "preclude the defendant or his counsel . . . from arguing or contending that the use of the defendant's DNA profile . . . was illegal, invalid, or constituted improper government conduct or procedure." (Gov't Gen. Mot. at 4.) Smith agrees that an argument relitigating suppression issues already resolved by this Court should not be raised at trial. He seeks to preserve objections to the procedures used to do DNA analysis. (ECF No. 68 at 2.) The Court grants the government's ninth motion in limine to the extent it relates to issues previously decided by this Court. (*See* ECF No.

4

47 (Order on Report and Recommendation).) The Court will consider further objections as they are raised at trial.

### H. *Government's Tenth Motion in Limine to Preclude Improper Character Evidence*

The government moves to preclude Smith from raising or cross-examining a witness about character evidence in the presence of the jury without first providing a basis for that inquiry outside the presence of the jury. Smith agrees to address any Rule 404-, 608-, or 609-character evidence outside the presence of the jury prior to any cross-examination. Thus, the Court grants the government's motion.

### I. *Government's Motion to Introduce Evidence of Smith's Prior Convictions to Show Knowledge and Intent and Smith's Sixth Motion in Limine to Preclude Prior Conviction for Prohibited Person in Possession of a Firearm*

The government moves to admit evidence that Smith was previously convicted for the same crime (being a prohibited person in possession of a firearm). (ECF No. 61.) Smith moves to suppress the same evidence under Rule 404(b), arguing that it is improper character evidence and highly prejudicial, especially because the government has not articulated a connection between the previous conviction and the current one, other than propensity—according to Smith, his knowledge is not at issue in this case. (Def's Mot. at 2; ECF No. 68 at 3–6.) Smith will argue that he was not the person who put the gun in the

5

trash can, and thus disputes the possession element of the crime. He disputes knowledge only of necessity: if he did not possess the gun, he could not have known about it.

"Evidence of a defendant's prior convictions is categorically inadmissible to prove the defendant's criminal propensity." *United States v. Cotton*, 823 F.3d 430, 433 (8th Cir. 2016) (citing Fed. R. Evid. 404(b)(1)). Prior convictions are admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Courts should admit evidence of a prior conviction under Rule 404(b) if "(1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." *United States v. Drew*, 9 F.4th 718, 723 (8th Cir. 2021). But 404(b) evidence should be excluded "when it is offered solely to prove criminal propensity." *Cotton*, 823 F.3d at 434. Because the government failed to articulate a permissible, non-propensity purpose for the proposed evidence, the Court denies the Government's motion in limine and grants Smith's.

The analysis of the previous felon-in-possession conviction turns on the first prong of the 404(b) test. Because the conviction fails the first prong—relevant to a material issue—the Court will not address the next three. The conviction at issue is a May 2014 conviction under Minnesota Statute Section 624.713, Subdivision 1, Clause 2, possession of a firearm by a person previously convicted of a crime of violence. (ECF No. 61-1.) The

6

government seeks to introduce evidence of the conviction (through a certified copy of the conviction) to prove knowledge and intent. (ECF No. 61 at 1–2.) The government is correct in its recitation of Eighth Circuit law, which holds that "[k]nowing possession of a firearm is an element of 18 U.S.C. § 922(g)(1), and [a defendant] place[s] his knowledge of the firearm's presence at the scene . . . at issue by pleading not guilty to the crime and requiring the government to prove his guilt beyond a reasonable doubt." *United States v. Williams*, 796 F.3d 951, 959 (8th Cir. 2015), *cert. denied*, 577 U.S. 1219 (2016) (quotation marks and citation omitted). This pronouncement does not mean that every previous felon-in-possession conviction is automatically admissible to prove knowledge and intent. Indeed, the Eighth Circuit has cautioned otherwise: "[m]ere recitation" of permissible purposes under Rule 404(b) "without an accompanying case-specific analysis risks couching criminal propensity in terms of knowledge, intent, or lack of mistake. Rule 404(b), by its own terms, requires more." *Cotton*, 823 F.3d at 433.

The only case-specific analysis the government has done is to state that Smith denied having possessed the firearm at issue, thus he put his knowledge at issue, and thus his prior conviction is relevant to show that he "knowingly (and not accidentally) possessed the charged firearm in this case." (ECF No. 61 at 4 (citing *United States v. Adams*, 604 F.3d 596, 599 (8th Cir. 2010)).) The Court has trouble separating these statements from a rote incantation of the rule. The government does not offer a *specific* permissible non-propensity purpose for the prior act evidence. In other words, it does not offer "'some

articulable inference for the jury to draw' from the previous conduct to a material element of the charged offense." *Drew*, 9 F.4th at 727 (Kelly, J., concurring) (quoting *United States v. Hall*, 858 F.3d 254, 266 (4th Cir. 2017) (internal citations omitted)).[2]

The government's explanation for the way in which it intends to present the evidence underscores the problem. According to the government's argument, it intends present a certified copy of Smith's prior conviction.[3] (ECF No. 61 at 1.) The government proffers no other testimony about the conviction—perhaps understandably, because the less evidence about the conviction, the lower the risk of unfair prejudice. But this is where the first prong and the fourth prong of the 404(b) test are at odds. The jury needs to hear enough about the conviction to draw a permissible inference (as opposed to propensity), but not more than necessary, to avoid unfair prejudice. *See Drew*, 9 F.4th at 728 n.6 ("While this bare bones approach may have made the evidence less prejudicial . . . it also indicates

---

[2] The government asserts that Smith's prior conviction is relevant because "caselaw in this and other circuits establishes clearly the logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)." (ECF No. 61 at 4 (quoting *United States v. Jernigan*, 341 F.3d 1273, 1281 (11th Cir. 2003)).) Though a prior conviction for felon in possession is often relevant because a jury could infer knowledge about a firearm from previous possession, in this case the only inference the Court can see from Smith's prior possession charge is propensity: he possessed a gun before, so he must be the person who possessed it here.

[3] The government cited other evidence about the prior conviction, namely that this case and the prior case "both involve the defendant refusing police orders to stop and attempting to discard the firearm he was carrying at the time." (ECF No. 61 at 4.) But the government links this evidence only to the requirement that the prior conviction be "similar in kind," not to relevance.

that all the government wanted the jury to know about these convictions was that they involved firearms and that they existed.") The Court cannot determine, from the government's explanation, how the fact of Smith's prior conviction assists in establishing that Smith had knowing possession of the firearm here. Thus, Smith's motion to preclude the evidence is granted, and the government's motion to allow it is denied.

J.   *Government's Motion to Allow the Impeachment of Smith with Prior Felony Convictions*

The government requests that if Smith elects to testify, the Court allow the government to impeach him with his prior felony convictions within the last ten years pursuant to Rule 609(a)(1)(B). (ECF No. 62.) If Smith decides to testify at trial, the Court will hear argument on this issue.

II.   **Smith's Motions**

A.   *Smith's First Motion in Limine to Preclude Allegations that Smith is Affiliated with a Gang and Second Motion in Limine to Preclude References to his Hat*

Smith moves to preclude testimony about gang affiliation and pictures of Smith's hat, which states "Murder Child." (Def's Mot. at 1.) The government does not intend to present evidence about gang affiliation or Smith's hat, so the motion is granted because it is unopposed. (ECF No. 67 at 1.) If the government does present such evidence, the Court will rule on any objections as they are raised at trial.

  B.  *Smith's Third Motion in Limine to Preclude Jail Call Statements*

The government seeks to admit two statements that Smith made during a jail call, arguing the first is admissible as an adoptive admission under Rules 801(d)(2)(B) and a second excerpt is an opposing party statement admissible under 801(d)(2)(A). (ECF No. 67 at 1–2.) Smith moves to preclude these statements, asserting that they are inadmissible hearsay and not relevant. (Def's Mot. at 1–2.) The Court does not yet have the jail-call recordings. It will rule on this motion at trial, after hearing the calls *in camera*.

  C.  *Smith's Fourth Motion in Limine to Preclude Prior Offenses Under Old Chief*

Smith has stipulated to his prior felony convictions, so he argues that the government should not present evidence about the prior convictions or Smith's prohibited status. (*Id.* at 2 (citing *Old Chief v. United States*, 519 U.S. 172, 177–78 (1997)).) The government has indicated that it does not intend to do so, and so the Court will rule on any objections on this issue as they are raised at trial.

  D.  *Smith's Fifth Motion in Limine to Preclude Evidence of the Nature of the Warrant Pending When He Was Arrested*

Smith moves to preclude the government from admitting evidence about the nature of the warrant pending when he was arrested. The government states that it does not plan to introduce such evidence. (*Id.*; ECF No. 67 at 3.) If it does, the Court will rule on any objections if they are raised at trial.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The government's Motions in Limine (ECF Nos. 60, 61, 62, 65, 66) are GRANTED IN PART, DENIED IN PART, and DEFERRED IN PART, as described herein.

2. Smith's Motions in Limine (ECF No. 63) are GRANTED IN PART and DEFERRED IN PART, as described herein.

Dated: April 15, 2022                         BY THE COURT:

                                              s/Nancy E. Brasel
                                              Nancy E. Brasel
                                              United States District Judge